## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEWTON S. DUARTE<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR18 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR18,<br><br>　　　　　Defendants. | CIVIL ACTION NO.<br><br>　　　　　*Civil Action* |

## COMPLAINT

Plaintiff, Newton S. Duarte, by and through his undersigned counsel, hereby submit this Amended Complaint against Defendants, and in support thereof, states as follows:

## PARTIES

1.　　Plaintiff, Newton S. Duarte, is an individual who currently resides in the State of New Jersey, at 24 Brusler Place Somerset NJ 08873.

2.　　Upon information and belief, Defendant Ocwen Loan Servicing LLC (Ocwen) is a company organized and existing pursuant to the rules and laws of Florida with its principal place of business located at 1661 Worthington Rd #100, West Palm Beach, FL 33409.

3.　　Upon information and belief, Defendants Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2005-AR18 Mortgage Pass-Through Certificates Series 2005-AR18 is a company organized and existing pursuant to the rules and laws

1

of the State of California with its principal place of business located at 1761 E. ST. ANDREWS

PLACE, SANTA ANA, CA 92705.

## JURISDICTION and VENUE

4.       This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as this

matter involves federal claims arising under federal law, thereby invoking the Court's federal

question jurisdiction.

5.       This Court has personal jurisdiction over Defendants, as Defendants have had the

requisite minimum contacts with the State of New Jersey and Defendants have and continue to

regularly conduct business in the State of New Jersey.

6.       This Court has supplemental jurisdiction over Defendants pursuant to 28 U.S. Code

§ 1367 for all state claims.

7.       Venue lies in the United States District Court for the District of New Jersey, as a

substantial part of the property that is the subject of this action is located in the State of New Jersey.

8.       Further, venue lies in the United States District Court for the District of New Jersey,

as a substantial part of the events or omissions upon which Plaintiff' claims are based has occurred

in the State of New Jersey.

## FACTS COMMON TO ALL COUNTS

1.       At all material and relevant hereto, Plaintiff is a consumer according to Title 15

U.S.C. §1692(a)(3) and is identified under§1692e as a "least sophisticated consumer" or even

possibly the "least susceptible consumer" under §1692(f) according to the act.

2.     At all times material and relevant hereto, Plaintiff is alleged to have owed a "debt" ("transaction") of a personal, family, and/or household nature as defined by the FDCPA, Title 15 U.S.C. §1692a(5).

3.     Defendants engage in false and misleading documentation as further discussed.

4. INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR18 filed with alleged claims to enforce rights of to foreclose being made by Deutsche Bank National Trust Company, assignee Deutsche Bank National Trust Company As Indenture Trustee. regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject this action was initially payable, making Deutsche Bank National Trust Company as Trustee, a creditor within the meaning of Truth in Lending Act. 5 U.S.C. 7 1602(t) and Regulation Z 7 226.2(a)(1 7) and/or Truth in Lending Act (TILA) 15 USC rl635(a) and (b) and 12 CFR r226.23(b) and/or debt collector pursuant to The Fair Debt Collection Practices Act at 15 U.S. Code § 1 692e - False or misleading representations and Securities Transaction pursuant to U.S.C. Title 15 Chapter 2B, Sec. 78ff, and documents requiring substantial proof of claim to support enforcement pursuant to 5 U.S C. 556(d) 5 U.S C. 556(d).

5. The original lender, as stated on the Note and Mortgage, was IndyMac Bank FSB (hereafter "IndyMac"), which was closed by the Office of Thrift Supervision (OTS) on July 11,

3

2008 at which time the Federal Deposit Insurance Corporation (FDIC) was appointed Conservator of the failed IndyMac.

6. The Court may take judicial notice of these facts pursuant to NJRE 201(b)(3) as they are specific facts which are capable of immediate determination by resort to sources (the FDIC) whose accuracy cannot be questioned (*see. www.fdic.gov/bank/individual/failed/indymac.html*).

7. Defendants claim that the mortgagee, that being an entity denominated as Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") assigned all of "its" rights, title and interest in and to the Note and Mortgage to an entity known as OneWest Bank FSB (hereafter "OWB") on August 12, 2009.

8. It is without issue that MERS was not the lender and does not own, originate, or hold promissory notes, and as such, MERS could not have transferred any interest in the Note to OWB as it had no such interest to transfer.

9. Defendants claimed that on November 29, 2010, OWB assigned its right, title and interest in and to the Note and Mortgage to Deutsche Bank National Trust Company as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR18 Mortgage Pass-Through Certificates Series 2005-AR18 Under the Pooling and Servicing Agreement dated as of September 1, 2005. (Deutsche Bank National Trust Company as Trustee, etc. will be referred to as "DBTE").

10.     he alleged transfer is a factual and legal impossibility, as OWB never acquired any interest in the Note from MERS as MERS never had any interest in the Note to transfer *ab initio.*

11.     Defendants admitted that the loan was the subject of a mortgage loan securitization.

12.     Although the loan documents provide generic language that "your loan may be sold", this "disclosure" is both incomplete and misleading, and does not contain the necessary facts to have placed Plaintiff on notice that his loan would be transferred from a regulated mortgage lender (IndyMac, which was a Federal Savings Bank) to an unregulated private equity investment concern (the securitization Trust of which DBTE claims to be the "trustee").

13.     Assuming the alleged transfer of the loan to the Trust took place, the transfer resulted in a unilateral modification of the Federally-regulated residential mortgage loan contract into an unregulated commercial investment transaction involving a private equity investment concern and not a Federally-regulated mortgage lender, which Plaintiff never consented to and was never informed of.

14.     The Note obligation of a mortgage loan sold to a securitization Trust is paid in full upon such sale. The servicer for the Trust thereafter creates a phantom obligation by which the borrower is to make payments "under the Note" despite the Note obligation having been liquidated upon sale thereof to the Trust. The cash flow stream from the monthly payments made as a result of the phantom obligation is used to pay the "Trustee" investment bank (here, DBTE), the investors

in the mortgage-backed securities (MBS) collateralized by the Trust, and the expenses of maintaining the Trust.

15.     No disclosure of these facts are ever made to the borrower, and the "Your loan may be sold" language in the mortgage documents is an incomplete and misleading statement, as it does not accurately state that upon such sale to the trust, the obligation under the Note is paid and that a new obligation to pay third parties who were not the "lender" will be created, nor is it disclosed to the borrower that what was a residential mortgage loan transaction governed and protected by the Federal government and Federal lending laws will be converted into an unregulated and unprotected private equity investment vehicle.

16.     Although the mortgage loan documents claimed that the mortgage loan could be sold, the presumption and understanding of Plaintiff, as a non-banker and non-lender, was that any such sale would be to another Federally-regulated residential mortgage lender in order that the loan retain its character as a Federally-regulated residential mortgage loan and that benefits of such a loan, such as the ability to refinance, modify or restructure the loan, and the ability to deal directly with the lender, would be preserved and maintained.

17.     Plaintiff was never advised that the loan could be sold to a non-regulated private equity or commercial investment entity, or for the purpose of funding numerous non-parties to the mortgage loan transaction.

6

18.     The alleged residential mortgage loan was unilaterally modified by which the obligation evidenced by the promissory note was converted to a vehicle for the purpose of providing an income stream to fund a commercial investment for the benefit of non-parties to the "loan", thus unilaterally modifying the Note contract and changing the essential character of the loan without any disclosure to or consent of Plaintiff.

19.     These facts, which were known to Defendants at all times material, were intentionally withheld from Plaintiff in order to induce Plaintiff to make payments on the loan; subordinate his interest in the Property; and for the purpose of manufacturing a foreclosure on a unilaterally modified contract.

20.     By converting the residential mortgage loan transaction into a commercial investment vehicle, Defendants, with the assistance of MERS, effected a unilateral modification of the mortgage loan contract, and has made itself a party to the mortgage loan contract without the consent of Plaintiff; without any prior notice to Plaintiff; and without any new consideration to Plaintiff where Defendants' actions (a) eliminated Plaintiff's rights under Federal lending laws (as such rights to not apply to unregulated securitization trusts); (b) imposed third-party "servicers"; and (c) eliminated Plaintiff's ability to deal directly with the true and actual lender.

21.     Plaintiff never consented to the Trust, which is a private equity investment entity and is not a Federally-regulated residential mortgage lender, becoming a party to his residential mortgage loan contract or modifying it to convert it into a commercial investment vehicle.

22.     At all times material, Defendants had actual knowledge that it intended to convert the residential mortgage loan into a commercial investment vehicle for the purpose of providing a revenue stream, together with hundreds of other alleged "residential" mortgage loans, to fund numerous non-residential mortgage loan transactions, including but not limited to:

      a.     payment to the securitization Trustee (DBTE);

      b.     payment to the Master Servicer;

      c.     payment to the subservicer;

      d.     payment of "expenses" of the securitization Trust; and, if any monies remained after payment of these expenses, and

      e.     payment to the investors in the MBS.

23.     Defendants intentionally failed to disclose these material facts to Plaintiff, doing to in order to induce him to continue making payments on the loan and for purposes of manufacturing a foreclosure on an otherwise illegally unilaterally modified contract.

24.     Once so converted, the Note was pooled with thousands of other loans for the purpose of providing partial collateral security in connection with the issuance of the MBS, resulting in the loan not being owned by any single party and with the rights to the income stream from the loan being purchased and claimed by multiple parties including those identified above.

25.     This had a negative effect on Plaintiff, and this material change in the character of the loan, which was known to Defendants at all times material, was never disclosed to Plaintiff and was intentionally withheld from him in order to induce him to make payments on the loan; subordinate his interest in the Property; and for purposes of manufacturing a foreclosure on an otherwise illegally unilaterally modified contract.

26.     The change in the essential character of the loan from what was represented to be a residential mortgage loan to a commercial investment eliminated benefits associated with Federally-regulated mortgage loans and lenders thereof, including the ability to refinance; the ability to restructure the loan; and the ability to deal directly with the actual lender.

27.     These facts, which were known at all times material to Defendants, were not disclosed to Plaintiff and were intentionally withheld from him in order to induce Plaintiff to make payments on the loan; subordinate his interest in the Property; and for purposes of manufacturing a foreclosure on an otherwise illegally unilaterally modified contract.

28.     The change in essential character of the Note from what was represented to be a residential mortgage loan to a commercial investment also involved the addition of one or more third-party "servicers" which destroyed the direct relationship between Plaintiff and the true "lender". These facts, which were known at all times material to Defendants, were not disclosed to Plaintiff and were intentionally withheld from him in order to induce Plaintiff to make payments on the loan; subordinate his interest in the Property; and for purposes of manufacturing a foreclosure on an otherwise illegally unilaterally modified contract.

29.     The conversion of the Note from what was represented to be a residential mortgage loan to a commercial investment, which was then pooled with thousands of other loans and placed

into numerous tranches of a securitization trust together with other loans, resulted in the loan being inextricably intertwined with other loans, resulted in a unilateral change of the character of the Note, and resulted in a unilateral modification of the loan contract without mutual assent by or any new consideration to Plaintiff, which facts were known at all times material to Defendants but which were never consented to by Plaintiff; never disclosed to Plaintiff; and were intentionally withheld from him in order to induce Plaintiff to make payments on the loan; subordinate his interest in the Property; and for purposes of manufacturing a foreclosure on an otherwise illegally unilaterally modified contract.

30.     The loan disclosure documents given contain fraud due to failure to consummate the agreements, lack of full disclosure, notary misconduct, and having unclear concealed information and misrepresentations that hide relevant and material facts about the terms and conditions of the loan transaction.

31.     The Defendants did not disclose to the said borrower the disparate conditions by which the funding of the allege-loan is done when comparing it with the conditions of a loan according to the understanding of the least or unsophisticated consumer standard or a reasonable consumer standard.

32.     Here the Plaintiff is without full disclosure of the terms and conditions of the loan at the time of the signing of the contract(s).

33.     The disclosure violations and attempt at fraud by the Defendant(s) create and give Plaintiff the right to claims for the mortgage and note subject to this transaction being

null and void.

34.    The Plaintiff is without consenting to the contract creating the allege-debt due to being without full disclosure of the relevant terms and conditions of the funding of the loan.

35.    In engaging in this use of the Plaintiff', then alleged borrowers', promissory note to fund the loan the Defendant(s) created and carried out an "ultra viris" transaction, outside of its lawful mandates, and lend its credit by guaranteeing the debts of another and/or in any of the other various ways in which that might be done.

36.    The Plaintiff was not given disclosure by the Defendant(s), that the allege-borrower's promissory note is a collateral asset and is in use by the allege-creditor through exchanging the promissory note for credit money to the allege-borrower's transaction account.

37.    The Defendant(s) acted to or allowed the lender to misappropriate the allege-borrower's name and likeness and promissory note, and use them without the borrower's consent for commercial purposes because of the Defendants' failure to disclose all material aspects of the transaction.

38.    Defendant(s)'s non-disclosure of the true costs of a loan is in violation of provisions of the Truth In Lending Act (TILA) and constitute false statements pursuant to the aforesaid Fair Debt Collection Practices Act provisions.

39.    Defendant(s) failure to assist and disclose the true costs of the loan is in

violation of TILA and common law contract plain language principles and Defendant(s)'s agreement with the borrower, now Plaintiff.

40.     Defendant(s) failure to assist and disclose the true costs of the loan is in violation of equity undue influence and antifraud principles of law.

41.     In breach of fiduciary duties and/or good contracting principles of law the assignee Deutsche Bank National Trust Company As Indenture Trustee is responsible for abuse of, or permitting the loan provider to abuse, the allege-borrower's name and likeness and promissory note, and utilize them without the borrower/customer's consent for profitable designs due to the Defendant's failure to divulge all relevant elements of the purchase.

42.     This benefit to Defendant(s) and expense to Plaintiff of the loan, that is to say promissory note, being in use to get the cash to fund the allege-loan is hidden from the allege-borrower.

43.     Here the damage created by the conduct of the Defendants surpass any advantages that the conduct might have.

44.     The purposes and intentions for the Defendants' absence of full disclosure is for there to be a gain of unreasonable benefit to the aforesaid Defendant(s) and the alleged loan provider that set up little to no cash at risk, yet, permit the loan provider to obtain benefit as if the loan provider's exposure was that of one carrying out an authentic loan.

12

45.     The Loan procedures and term "loan" were not totally revealed to the allege-borrower and, for that reason, loan product terms and conditions of the agreement were not disclosed to the Plaintiff/borrower, and that to his and her damage.

46.     For this matter, in the mortgage and note documents there is no location for the written stamp/trademark/signature line for the initial/original alleged loan provider to make its mark and commitment to the agreement(s) and too satisfying the allege-lender's/ allege-creditor's responsibilities charging the alleged original loan provider with the duty to finance the deal with a "loan" according to an unsophisticated consumer standard understanding of the plain language of the alleged agreement(s).

47.     The claims of INDYMAC INDX MORTGAGE LOAN TRUST 2005-AR18 - receiving mortgage asset filed by its subsidiary Defunct Corporation(s) and Deutsche Bank National Trust Company to have rights to enforce a contract of agreement and foreclose is also fabricated.

48.     No such legitimate contract or agreement right or privilege exists based on fabricated documents.

49.     Prior to closing the original mortgage, Defendants, failed to explain the workings of the entire mortgage loan transaction and the inherent volatility of the loan product(s) provided by Defendants.

50.     The Mortgage was recorded in Official Warren County Land Records, Warren county, New Jersey, Recorder Office.

51.     Despite Defendants' knowledge of the previous violations and damages caused and the emotional distress it would cause against the Plaintiff initiated a foreclosure and intends to sell Plaintiff's real property without just cause.

52.     Here Plaintiff in a foreclosure process Defendants obtained Orders in their favor, but which orders and judgments are void for fraud.

53.     On such example is that there were two different notice of intent sent, mere months apart, that included thousands of dollars of additional "fees/expenses" that were "owed" in February, 2016, but mysteriously removed in April, 2016. (See Exhibits A and B – Mismatched Notices of Intention to Foreclose).

54.     When the Complaint was filed in August 10, 2016, it included neither of these notices. (See Exhibit C – Complaint).

55.      Ultimately however, this case was withdrawn on March 10, 2018. (see Exhibit D – stipulation of dismissal).

56.     This was only because Plaintiff signed a loan modification under duress, knowing that Plaintiff has caused the improper actions that were taken, in order to save his house from going to Foreclosure improperly.

57.     The Plaintiff's goal of entering into mortgage loan transactions was to own the Property; but that purpose is knowingly and intentionally thwarted by Defendant(s) for profit and made extremely difficult by Defendants' actions alleged in complaint.

58.     Further, the failures to duly record interest related to the subject property is resulted in a broken chain of title, with the party(s) engaging in foreclosure and/or any planned eviction actions without rights to do so.

59.     The foreclosing and parties, debt collector, and agents buyer, etc. have engaged in the use of all of these fabrications to lay claim on the subject property and are liable thereby.

60.     Therefore, because of the above and below fatal issues and error the alleged foreclosing party(s) and debt collector(s) in this matter have no legitimate rights to the property or collection of a debt, yet the Plaintiff has legitimate possessory rights to the subject property.

61.     Such equitable possessory rights in this matter should prevail.

62.     Defendants were and are given due process warning that it is apparent that these processes are flawed, erroneous, and without merit, suppressing or confusing or misrepresenting critical information, and his actions are an apparent gross negligence or intentional violation of rules and regulations set forth in the below claims.

63.     Plaintiff relied upon the recitations about the loan and debt of both Defendants.

64.     In utilizing incorrect details and hiding that truth from Plaintiff to develop the loan, Defendants failed to satisfy his contract and contract/fiduciary duties to Plaintiff damage.

65.     Defendants carried Plaintiff, Newton S. Duarte through the loan finalizing procedures and concealed relevant information from the Plaintiff when finalizing. This led to a loan that needs to not have actually been done. Resulting in foreclosure of the stated loans and Plaintiff property.

66.     Plaintiff has actually suffered, and remains to suffer significant damages and is entitled to recuperate from Defendants real damages in the overall quantity of the loan, and added damages, as a direct repercussion of Defendants' breach of contract and fiduciary responsibilities.

## COUNT ONE – ALL DEFENDANTS
**VIOLATIONS OF NEW JERSEY CIVIL RICO (N.J.S.A. 2C:41-1 ET SEQ.), and FEDERAL CIVIL RICO (18 USC §1962(C)); ACTIONABLE PURSUANT TO N.J.S.A. 2C:41-4C, and 18 USC § 1964(C);**

67.     The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

68.     The Defendants designated in count one (1) constitute an "Enterprise" as defined in N.J.S.A. 2C:41-1 et seq. and 18 U.S.C. §1961(4).

69.     The enterprise and or enterprises have an existence apart from and beyond the racketeering activity complained of in this action.

70.     The Defendants designated in count one (1) violated the New Jersey and Federal Civil RICO statutes by conducting or participating, directly or indirectly, in the conduct of the affairs of an enterprise or enterprises, through a pattern of racketeering activity in violation of

N.J.S.A. 2C:41-2(c) and -2(d), and 18 U.S.C. §1962(c), as set forth within ¶¶1-58 as though fully incorporated herein by reference.

71.     The Defendants knew or should have known that his actions were based upon forged and fraudulent documents in violation of the FDCPA including but not limited to Title 15 U.S.C. §1692 §§1692d(l), §1692e(2)(A), §1692e(3), §1692e(4), §1692e(5), §1692e(8), §1692e(l0), §1692e(l3) and §1692f(l).

72.     The acts by the Defendants designated in count one (1) constituted a pattern of racketeering activity that has continued and escalated as stated above.

73.     The acts by the defendants designated in count one (1) constituted prohibited activities in violation of N.J.S.A. 2C:41-2 and 18 U.S.C. §1962(c) for the Defendants have received income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which they have participated as a principal within the meaning of N.J.S.A 2C:2-6 and 18 U.S.C. §1961(6) to use or invest, directly or indirectly, any part of the income, or the proceeds of the income, in acquisition of any interest in, or the establishment or operation of any enterprise which is engaged in or the activities of which affect trade or commerce.

74.     The acts by the Defendants constituted deceptive business practices in violation of N.J.S.A. 2C:21-7 for the Defendants made false or misleading written statements for the purpose of obtaining property, and false or misleading written statements for the purpose of promoting the sale of securities, and omitted information required by law to be disclosed in written documents relating to securities.

75.     The acts by the Defendants constituted tampering with or fabricating physical evidence in violation of N.J.S.A. 2C:28-6 for the defendants altered and or concealed records,

documents, or other things of physical substance with purpose to impair its verity or availability in such proceedings or investigations; and the defendants made, devised, prepared, presented, offered or used articles, objects, records, documents or other things of physical substance knowing them to be false and with purpose to mislead a public servant who is engaged in such proceeding or investigation.

76.     The acts by the Defendants constituted tampering with public records or information in violation of N.J.S.A. 2C:28-7 for the defendants knowingly made a false entry in, or false alteration of, any record, document or thing received or kept by, the government for information or record, and the Defendants made, presented, offered for filing, or used a record, document or thing knowing it to be false, and with purpose that it be taken as a genuine part of information or records.

77.     The acts by Defendants WFB constituted frauds relating to public records and recordable instruments in violation of N.J.S.A. 2C:21-3 for the defendants offered a false instrument for filing, knowing the written instrument contains a false statement or false information, and offered or presented it to a public office or public servant with knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.

78.     The acts by the Defendants constituted securing execution of documents by deception in violation of N.J.S.A. 2C:21-16 for the Defendants caused or induced the Plaintiff to execute instruments affecting, purporting to affect, or likely to affect the pecuniary interest of the Plaintiff by means of deception as to the contents of the instruments.

79.     The acts by the Defendants constituted knowledge inferred in violation of N.J.S.A.

2C:21-26 for the defendants transported or possessed the Plaintiff' property in a fashion inconsistent with the ordinary or usual means of transportation or possession of such property and where the property is discovered in the absence of any documentation or other indicia of legitimate origin or right to such property.

80.     The acts by the Defendants constituted conspiracy in violation of N.J.S.A. 2C:5-2 for the defendants agreed with each other, and or other persons, that they or one or more of them will engage in conduct which constituted such crime, and or they agreed to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

81.     The acts by the Defendants constituted forgery in violation of N.J.S.A. 2C:21-1 for the defendants, with purpose to defraud or injure the Plaintiff, with knowledge that they were facilitating a fraud or injury, they: (1) Altered and or changed instruments of another without his authorization; (2) made, completed, executed, authenticated, issued or transferred writings so that it purports to be the act of another who did not authorize that act or of a fictitious person, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or (3) utilized writings which they knew to be forged in a manner specified above.

82.     The acts by the Defendants constituted impersonation and identity theft in violation of N.J.S.A. 2C:21-17 for the defendants obtained personal identifying information pertaining to the Plaintiff and used that information, or assisted another person in using the information, in order to assume the identity of or represent themselves as the Plaintiff, without that Plaintiff' authorization and with the purpose to fraudulently obtain or attempt to obtain a benefit or services

by using the name of Plaintiff.

83.     The acts by the Defendants constituted mail fraud in violation of 18 U.S.C. §1341 for the defendants devised a scheme to defraud, obtain money, or the subject property by means of false or fraudulent pretenses, representations, or promises, to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use counterfeit obligations, securities, for the purpose of executing such scheme or artifice, placed in post offices or authorized depository for mail matter, to be sent or delivered by the Postal Service, deposited, or caused to be deposited, to be sent or delivered by private or commercial interstate carrier, or knowingly caused to be delivered by mail or such carrier.

84.     The acts by the Defendants constituted fictitious name in violation of 18 U.S.C. §1342 for the defendants, for the purpose of conducting, promoting, or carrying on by means of the Postal Service, any scheme or device mentioned in 18 U.S.C. §1341, or any other unlawful business, used or assumed, or requested others to be addressed by, fictitious, false, or assumed titles, or names, other than his own proper name.

85.     The acts by the Defendants constituted wire fraud in violation of 18 U.S.C. §1343 for the defendants devised or intended to devise a scheme or artifice to defraud, for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmitted by means of wire in interstate commerce, writings for the purpose of executing such scheme or artifice.

86.     The acts by the Defendants constituted transportation of stolen goods, securities, moneys, and or articles used in counterfeiting in violation of 18 U.S.C. §2314 for the defendants transported, transmitted, or transferred in interstate commerce, securities of the value of $5,000.00

or more, knowing the same to have been stolen, converted or taken by fraud, and devised a scheme or artifice to defraud, for obtaining money or property from the Plaintiff by means of false or fraudulent pretenses, representations, or promises, transported or caused to be transported interstate in the execution or concealment of a scheme or artifice to defraud the Plaintiff of money or property having a value of $5,000.00 or more, with unlawful or fraudulent intent, transported in interstate commerce falsely made, forged, altered, or counterfeited securities knowing the same to have been falsely made, forged, altered, or counterfeited.

87.     The acts by the Defendants constituted interference with commerce by threats or violence in violation of 18 U.S.C. § 1951 for the defendants have: (a) obstructed, delayed, or affected commerce by robbery or extortion or attempted or conspired so to do, or committed or threatened physical removal of Plaintiff from the subject property, and the taking of the subject property under color of official right.

88.     The acts by the Defendants constituted misprision of felony in violation of 18 U.S.C. § 4 for the defendants had knowledge of the actual commission of a felony cognizable by a court of the United States, and concealed said knowledge, and did not as soon as possible make known the same to some judge or other person in civil or authority under the United States.

89.     The acts by the Defendants constituted bankruptcy fraud in violation of 18 U.S.C. §157 for the Defendants devised a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so, the Defendants filed falsely uttered documents in the Plaintiff' proceeding under title 11, and the Defendants made false or fraudulent representations, and claims in relation to the Plaintiff' proceeding under title 11.

90.     The acts by Defendants constituted concealment of assets, false oaths and claims in

21

violation of 18 U.S.C. §152 for the Defendants (1) knowingly and fraudulently concealed from the trustee and this Court, the existence and location of property belonging to the estate of a debtor; (2) knowingly and fraudulently made false oaths or accounts in or in relation to the Plaintiff' case under title 11; (3) knowingly and fraudulently made false declarations, certificates, verifications, or statements under penalty of perjury as permitted under § 1746 of title 28, in relation to the Plaintiff' case under title 11; and (4) knowingly and fraudulently presented false claims for proof against the Plaintiff, and used such claim in the Plaintiff' case under title 11, in a personal capacity or as or through an agent, proxy, or attorney.

91.    The acts by the Defendants constituted alteration and falsification of records in bankruptcy in violation of 18 U.S.C. §1519 for the Defendants knowingly altered, concealed, covered up, falsified, and made false entries of record and documents, with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of the Plaintiff' case filed under title 11.

92.    The acts by the Defendants constituted conspiracy against rights in violation of 18 U.S.C. §241 for the defendants conspired to injure, oppress, threaten, or intimidate the Plaintiff in the free exercise or enjoyment of rights or privilege secured to Plaintiff by the Constitution and laws of the United States, including but not limited to: (i) the right to contract; (ii) the right to own, maintain, and be secure in Plaintiff' property right from unlawful seizures; and (iii) to be free of usury.

93.    The Plaintiff avers that the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the cross-Plaintiff.

94.     The acts by the Defendants violates N.J.S.A. 2C:41-1 et seq. and 18 USC §1962(c)), and has caused injury to the Plaintiff as contemplated by N.J.S.A. 2C:41-4c, and 18 USC § 1964(c), in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a fraud in factum "mortgage transaction", and other costs to defend the Plaintiff' property.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.     Awarding Plaintiff actual damages against Defendants;
b.     Awarding Plaintiff damages for emotional distress against Defendants;
c.     Awarding Plaintiff attorneys' fees and costs against Defendants;
d.     Awarding Plaintiff punitive damages against Defendants;
e.     Awarding Plaintiff treble damages against Defendants
f.     Imposing any other appropriate monetary sanctions against Defendants; and
g.     Any other relief that this Court deems just and proper.

### COUNT TWO – ALL DEFENDANTS
### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A. 56:8-2); ACTIONABLE PURSUANT TO N.J.S.A. 56:8-19;

95.     The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

96.     The Defendants designated in Count Two have each used or caused to be employed by other persons unconscionable commercial practices, deception, fraud, false pretenses, false promises, misrepresentations, and knowingly concealed, suppressed, and omitted material facts with intent that the Plaintiff rely upon such concealment, suppression or omission, in connection with the "origination" of the "mortgage transaction' in dispute.

97.     The Plaintiff avers the unfair, deceptive, and unlawful practices by the Defendants

23

misled and deceived Plaintiff, resulting in damages thereby, constituting unlawful practices in violation of N.J.S.A. 56:8-2, and has caused injury to Plaintiff as contemplated by N.J.S.A. 56:8-19 in actual damages of emotional distress, loss of monies paid towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

98.    At all times relevant and material hereto, if Defendants did own the debt as alleged, then the Plaintiff was a consumer of the Defendants goods and services and as such the conduct of the Defendants and the transaction was governed by the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq.

99.    At all times relevant and material hereto the Defendants did violate the New Jersey Consumer Fraud Act by engaging in deceptive and fraudulent practices as stated above.

100.    The responses sent to Plaintiff to the QWR that were sent on or about July 24, 2017 a violation of The False Claims Act 31 U.S.C. §§ 3729 - 3733, as in case *Gonzalez v. Wilshire Credit Corp.*, Supreme Court of New Jersey, August 29, 2011, A-99 September Term 2009, 065564 that held:

> "Lending institutions and his servicing agents are not immune from New Jersey's Consumer Fraud Act, N.J.S.A. §§ 56:8-1 to 56:8-195; they cannot prey on the unsophisticated, those with no bargaining power, those bowed down by a foreclosure judgment and desperate to keep his homes under seemingly any circumstances." (See Exhibit E – QWR responses).

101.    In *Cox v. Sears Roebuck*, September 15, 1994 138 N.J. 2 A-123 September term 1993." the NJ Supreme Court held: "The amendment to the Consumer Fraud Act, *N.J. Stat. Ann.*

*§§ 56:8-1* to 20, provides for private causes of action, with an award of treble damages, attorneys' fees, and costs."

102.    Upon "strict scrutiny" application, the Court would be compelled to protect Plaintiff against blatant fraud being perpetrated upon Defendants as well as the Court under the "color of law". To do otherwise would be a travesty of justice.

103.    "Like most remedial legislation, the Consumer Fraud Act, *N.J. Stat. Ann. §§ 56:8-1* to 20, should be construed liberally in favor of consumers."

104.    "An improper debt or lien against a consumer fraud Plaintiff may constitute a loss under the Consumer Fraud Act, *N.J. Stat. Ann. §§ 56:8-1* to 20, (the Act) because the consumer is not obligated to pay an indebtedness arising out of conduct that violates the Act."

105.    The judgment was reversed and remanded to trial court with treble the damages.

106.    The actions of the Defendants, individually and/or jointly, were performed in direct contradiction to his promises of superior services and conduct, but instead for his own financial self-interests, in detriment to the rights and position of the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.    Awarding Plaintiff actual damages against Defendants;
b.    Awarding Plaintiff damages for emotional distress against Defendants;
c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
d.    Awarding Plaintiff punitive damages against Defendants;
e.    Awarding Plaintiff treble damages against Defendants;
f.    Imposing any other appropriate monetary sanctions against Defendants; and
g.    Any other relief that this Court deems just and proper.

## COUNT THREE – ALL DEFENDANTS
**FEDERAL FAIR DEBT COLLECTION PRACTICES ACT PURSUANT TO 15 U.S.C. §1692; ACTIONABLE PURSUANT TO 15 U.S.C. §1692K;**

98.    The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

99.    The Defendants designated in Count Three have each acted in the capacity of debt collectors as defined by the Federal FDCPA for none of the Defendants have evidence of being a creditor for the "mortgage loan" in dispute, and each Defendants have: (i) made false representations of the character, amount, and legal status of the debt in dispute, and the services rendered or compensation which may be lawfully received by the defendants as debt collectors for the collection of the debt in dispute; (ii) made the representation or implication that nonpayment of the debt in dispute will result in the sale of the subject property; and (iii) used false representations and deceptive means to collect or attempt to collect the debt in dispute by willfully misrepresenting Defendants the "owners and holders" of the debt in dispute knowing otherwise to be true.

100.    The Plaintiff aver that the unlawful debt collection practices by the Defendants constituted false and misleading representations in violation of the Federal FDCPA and has caused injury to the Plaintiff as contemplated by 15 U.S.C. §1692 et seq., in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a fraud *in factum* debt, and other costs to defend the Plaintiff' property and reputation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

26

a.   Awarding Plaintiff actual damages against Defendants;

b.   Awarding Plaintiff damages for emotional distress against Defendants;

c.   Awarding Plaintiff attorneys' fees and costs against Defendants;

d.   Awarding Plaintiff punitive damages against Defendants;

e.   Imposing any other appropriate monetary sanctions against Defendants; and

f.   Any other relief that this Court deems just and proper.

## COUNT FOUR – ALL DEFENDANTS
### UNJUST ENRICHMENT

102.   The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

103.   In establishing a claim for unjust enrichment, "a Plaintiff must show both that Defendants received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.,* 135 NJ. 539, 554 (1994).

104.   As a result of its misrepresentations, Defendants have been unjustly enriched at the expense of the Plaintiff.

105.   It is clear that Defendants, either through intentional actions or gross negligence, attempted to gained possession of Plaintiff's house through an unlawful Sheriff sale as well as adding in thousands of dollars of additional fees to increase the principal plaintiff now owes as part of his loan modification received under duress.

106.   Accordingly, Defendants received a benefit, unjustly.

107.   The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

## PRAYER FOR RELIEF

27

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.   Awarding Plaintiff actual damages against Defendants;
b.   Awarding Plaintiff damages for emotional distress against Defendants;
c.   Awarding Plaintiff attorneys' fees and costs against Defendants;
d.   Awarding Plaintiff punitive damages against Defendants;
e.   Imposing any other appropriate monetary sanctions against Defendants; and
f.   Any other relief that this Court deems just and proper.

## COUNT FIVE -ALL DEFENDANTS
## NEGLIGENT MISREPRESENTATION

114.   The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

115.   The Defendants have each made negligent and false representations as to the character, legality, ownership, and possession of the "mortgage transaction" in dispute; without any reasonable ground for believing his representations to be true, with the intent to induce the Plaintiff into believing the Defendants' representations, causing the Plaintiff to act upon as the Defendants' desires, and causing injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a fraud *in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

116.   The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.   Awarding Plaintiff actual damages against Defendants;
b.   Awarding Plaintiff damages for emotional distress against Defendants;
c.   Awarding Plaintiff attorneys' fees and costs against Defendants;
d.   Awarding Plaintiff punitive damages against Defendants;
e.   Imposing any other appropriate monetary sanctions against Defendants; and
f.   Any other relief that this Court deems just and proper.

## COUNT SIX – ALL DEFENDANTS
### UNCLEAN HANDS

117.   The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

118.   Application of the doctrine of unclean hands rests within the discretion of the trial court. *Heuer v. Heuer*, 152 N.J. 226, 238 (1998).

119.   "The essence of [the] doctrine . . . is that '[a] suitor in equity must come into court with clean hands and he must keep them clean after his entry and throughout the proceedings.'" *Borough of Princeton v. Bd. of Chosen Freeholders of Mercer*, 169 N.J. 135, 158 (2001) (*quoting A. Hollander & Son, Inc. v. Imperial Fur Blending Corp.*, 2 N.J. 235, 246 (1949)).

120.   The doctrine of unclean hands "'gives expression to the equitable principle that a court should not grant relief to one who is a wrongdoer with respect to the subject matter in suit.'" Ibid. (*quoting Faustin v. Lewis*, 85 N.J. 507, 511 (1981)).

121.   In this case, Defendants have clearly violated this doctrine and as such, Plaintiff are entitled to damages for those actions.

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.   Awarding Plaintiff actual damages against Defendants;

g.  Awarding Plaintiff damages for emotional distress against Defendants;
h.  Awarding Plaintiff attorneys' fees and costs against Defendants;
i.  Awarding Plaintiff punitive damages against Defendants;
j.  Imposing any other appropriate monetary sanctions against Defendants; and
k.  Any other relief that this Court deems just and proper.

**COUNT SEVEN -ALL DEFENDANTS**
**FRAUDULENT CONCEALMENT**

122.  The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

123.  The Defendants to Count Seven have each fraudulently concealed from the Plaintiff: (i) material facts underlying the character, legality, ownership, and possession of the "mortgage transaction" in dispute, (ii) with knowledge of the material facts, knowing material facts were not within reasonably diligent attention, observation, and judgment of the Plaintiff, (iii) while the defendants suppressed and or concealed the material facts with the intention that the Plaintiff be misled as to the character, legality, ownership, and possession of the "mortgage transaction" in dispute, (iv) the Plaintiff was reasonably so misled; and (v) causing injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff; property and reputation.

124.  The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.      Awarding Plaintiff actual damages against Defendants;
b.      Awarding Plaintiff damages for emotional distress against Defendants;
c.      Awarding Plaintiff attorneys' fees and costs against Defendants;
d.      Awarding Plaintiff punitive damages against Defendants;
e.      Imposing any other appropriate monetary sanctions against Defendants; and
f.      Any other relief that this Court deems just and proper.

## <u>COUNT EIGHT – ALL DEFENDANTS</u>
### CONSTRUCTIVE FRAUD

125.      The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

126.      The Defendants to Count Eight have each: (i) made false representations, (ii) as to the character, legality, ownership, and possession of the "mortgage transaction" in dispute, (iii) for the purpose of inducing the Plaintiff to reply on such representations, (iv) for which the Plaintiff justifiably relied, and (v) caused injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

127.      The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

31

a.   Awarding Plaintiff actual damages against Defendants;

b.   Awarding Plaintiff damages for emotional distress against Defendants;

c.   Awarding Plaintiff attorneys' fees and costs against Defendants;

d.   Awarding Plaintiff punitive damages against Defendants;

e.   Imposing any other appropriate monetary sanctions against Defendants; and

f.   Any other relief that this Court deems just and proper.

<u>**COUNT NINE – ALL DEFENDANTS**</u>
**CIVIL AIDING and ABETTING FRAUD**

128.   The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

129.   The Defendants to Count Ten have aided and abetted the unfair, deceptive, and unlawful practices engaged in by each Defendants as a collective effort to unlawfully procure monies from the Plaintiff under the duress of an unlawful foreclosure debt collection action by employing false evidence to conceal from the Plaintiff, State Court, and this Court the true character, legality, ownership, and possession of the "mortgage transaction" in dispute.

130.   The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

131.   Defendants have caused injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.   Awarding Plaintiff actual damages against Defendants;
b.   Awarding Plaintiff damages for emotional distress against Defendants;
c.   Awarding Plaintiff attorneys' fees and costs against Defendants;
d.   Awarding Plaintiff punitive damages against Defendants;
e.   Imposing any other appropriate monetary sanctions against Defendants; and
f.   Any other relief that this Court deems just and proper.

<u>**COUNT TEN – ALL DEFENDANTS**</u>
**WILLFUL AND WANTON GROSS NEGLIGENCE**

132.   The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

133.   The Defendants to Count Ten have engaged in willful and wanton unfair, deceptive, and unlawful practices as a collective effort to unlawfully procure monies from the Plaintiff under the duress of an unlawful foreclosure debt collection action by employing false evidence to conceal from the Plaintiff, State Court, and this Court the true character, legality, ownership, and possession of the "mortgage transaction" in dispute.

134.   The Plaintiff assert the aforementioned acts on the part of the Defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff, and has caused injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

135.   The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice,

performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.    Awarding Plaintiff actual damages against Defendants;
b.    Awarding Plaintiff damages for emotional distress against Defendants;
c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
d.    Awarding Plaintiff punitive damages against Defendants;
e.    Imposing any other appropriate monetary sanctions against Defendants; and
f.    Any other relief that this Court deems just and proper.

## <u>COUNT ELEVEN – ALL DEFENDANTS</u>
## CIVIL CONSPIRACY TO DEFRAUD

136.   The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

137.   The Plaintiff assert the aforementioned acts on the part of the Defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff,

138.   Defendants have caused injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

34

a.    Awarding Plaintiff actual damages against Defendants;
b.    Awarding Plaintiff damages for emotional distress against Defendants;
c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
d.    Awarding Plaintiff punitive damages against Defendants;
e.    Imposing any other appropriate monetary sanctions against Defendants; and
f.    Any other relief that this Court deems just and proper.

## COUNT TWELVE – DEFENDANTS
### UNLAWFUL CONVERSION

139.    The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

140.    The Defendants to Count Twelve used false pretenses to fraudulently induce Plaintiff into executing the fraud *in factum* "transaction" in dispute by: (i) misrepresenting that WFB was the lender while, simultaneously, omitting the third-party funding source to whom WFB was indebted, and the actual money source was omitted from the critical documents signed by the Plaintiff; (ii) misrepresenting the undertaking as a traditional residential "mortgage loan", while concealing and omitting from the Plaintiff that the transaction was actually a securities transaction; and (iii) creating Mortgage Backed Securities by pledging the aforementioned forged and stolen electronic note.

141.    Furthermore, the Defendants hereto each unlawfully converted the original terms and conditions set forth within the original "mortgage loan" in disputed upon unjustly creating an escrow account for property taxes and hazard insurance premiums when each agreement, from his inceptions, required only installments of principal and interest.

142.    The Plaintiff assert the aforementioned acts on the part of the Defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the

35

Plaintiff, and has caused injury to the Plaintiff in actual damages of emotional distress, loss of monies paid by the Plaintiff towards a *fraud in factum* "mortgage transaction", and other costs to defend the Plaintiff' property and reputation.

143.    The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.    Awarding Plaintiff actual damages against Defendants;
b.    Awarding Plaintiff damages for emotional distress against Defendants;
c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
d.    Awarding Plaintiff punitive damages against Defendants;
e.    Imposing any other appropriate monetary sanctions against Defendants; and
f.    Any other relief that this Court deems just and proper.

**COUNT THIRTEEN – ALL DEFENDANTS**
**BREACH OF CONTRACT**

144.    The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

145.    At all times relevant and material hereto the Defendants did breach the contractual terms of the original "mortgage loan" agreement in deceptive and fraudulent practices as hereinbefore set forth.

146.    To establish negligence under New Jersey law, a plain- tiff must prove four core elements: (1) a duty of care; (2) a breach of that duty; (3) proximate cause; and (4) actual

damages. *Polzo v. County of Essex*, 960 A.2d 375, 196 N.J. 569, 584 (2008).

147.    Defendants all had a duty of care towards Plaintiff in this matter and they breached that duty of care with the aforementioned actions.

148.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, compensatory, and punitive damages, as well as other such relief, as permitted by law.

149.    Plaintiff seeks actual and compensatory damages for particular material, economic or financial losses suffered directly by his as the proximate result of the injury.

150.    The Plaintiff asserts the aforementioned acts on the part of the defendants were intentional, willful, deliberate, wanton, reckless, actuated with forethought and malice, performed under color of law, without regard to the damage that these acts might cause the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment in his favor and against Defendants, as follows:

a.    Awarding Plaintiff actual damages against Defendants;
b.    Awarding Plaintiff damages for emotional distress against Defendants;
c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
d.    Awarding Plaintiff punitive damages against Defendants;
e.    Imposing any other appropriate monetary sanctions against Defendants; and
f.    Any other relief that this Court deems just and proper

## COUNT FOURTEEN – ALL DEFENDANTS
### DEFAMATION

151.    The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

152.    At all times relevant herein, Defendants have published statements both orally and through writing to various credit reporting agencies, collection agencies, and/or attorneys that are false and negative representations concerning Plaintiff's credit information and history.

153.    At a minimum, Defendants have published these statements each time Plaintiff has reached out to Defendants and each time other credit reporting agencies reached out to Defendants and each time a credit reporting agency has reinvestigated any dispute raised by Plaintiff, including but not limited to, the disputes identified herein.

154.    The statements made by Defendants are false, as Plaintiff never actually defaulted on any debt that she allegedly owed to Defendants.

155.    Defendants have published these statements to a number of credit reporting agencies, including the three major credit bureaus.

156.    Defendants knew, or should have known, that the statements that it made were false when made and that it had no factual basis for making the statements that it did, as Plaintiff had notified Defendants that the statements were false for the aforementioned reasons and, nevertheless, Defendants continue to publish such statements up to and through the present time.

157.    The written statements and publications are libel per se.

158.    The oral statements and publications are slander per se.

38

159.    In addition, and despite the repeated notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to it by Plaintiff to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

160.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, compensatory, and punitive damages, as well as other such relief, as permitted by law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against Defendants, as follows:

    a.    Awarding Plaintiff actual damages against Defendants;
    b.    Awarding Plaintiff damages for emotional distress against Defendants;
    c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
    d.    Imposing any other appropriate monetary sanctions against Defendants; and
    e.    Any other relief that this Court deems just and proper.

**COUNT FIFTEEN – ALL DEFENDANTS**
**VIOLATION OF TILA AND RESPA**

161.    The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

162.    Defendants WFB willfully omitted and concealed from the Plaintiff from the inception of the "mortgage loan" in dispute that the Defendants was being compensated by a third-party financier for WFB "originating" the "mortgage loan" in dispute in the

39

Defendants' name as the lender, while WFB simultaneously collected fees from Plaintiff in violation of 15 U.S.C. § 1639b(c).

163.   The Defendants, collectively, failed to either reply with complete responses, they failed to reply at all, and or they replied with false responses to the Plaintiff' Qualified Written Requests, constituting violations of 12 U.S.C. § 2605, et seq..

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against Defendants, as follows:

a.   Awarding Plaintiff any and all damages against Defendants allowable by law;
b.   Awarding Plaintiff attorneys' fees and costs against Defendants;
c.   Imposing any other appropriate monetary sanctions against Defendants; and
d.   Any other relief that this Court deems just and proper.

**COUNT SIXTEEN – ALL DEFENDANTS**
**QUIET TITLE**

164.   The Plaintiff adopt the allegations set forth in the previous paragraphs as though fully set forth herein by reference.

165.   N.J.S.A. 2A:62-1 permits a person "*in the peaceable possession of lands*" to bring an action to "*clear up all doubts and disputes*" concerning some other person's claim to "*a lien or encumbrance thereon*."

166.   There is a dispute as to whether any of the Defendants are legally entitled and parties in possession of the original paper note and mortgage in dispute, the legality of the transaction from which the instruments derive, and whether any of the Defendants have

any right or interest in the property based upon his purported rights and possession of fraud *in factum* instruments.

167.    Plaintiff seek clarification of the validity or reach of his title in circumstances that otherwise preclude a forum for the resolution of such a dispute, pursuant to N.J.S.A. 1A:62-1.

168.    At all times relevant hereto, Defendants and other entities related to Defendants have claimed an interest and/or estate in the Property adverse to Plaintiff.

169.    Specifically, Defendants allege and/or have alleged that they have some kind of underlying interest in the Property upon Defendants' reliance upon the aforementioned forged, falsely acknowledged, and void *ab initio* instruments of record starting with the falsely made and fraud in factum "security instrument" in dispute that was recorded.

170.    Plaintiff, therefore, alleges that, upon information and belief, none of the Defendants herein hold a perfected and/or secured interest and/or claim in the Property and, as such, Defendants are estopped and precluded from asserting any claim against Plaintiff' estate.

171.    There is currently no other forum for an adjudication of the dispute herein and there are no other adequate remedies at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against Defendants, as follows:

    a.    Awarding Plaintiff actual damages against Defendants;
    b.    Awarding Plaintiff damages for emotional distress against Defendants;
    c.    Awarding Plaintiff attorneys' fees and costs against Defendants;
    d.    Awarding Plaintiff punitive damages against Defendants;

e.      Imposing any other appropriate monetary sanctions against Defendants; and

f.      Any other relief that this Court deems just and proper.

                                        __/s/ Joshua Thomas, Esq._____
                                        Joshua Thomas, Esq.
                                        *Attorneys for Plaintiff,*

Dated: